## UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| URBAND & LAZAR MUSIC PUBLISHING, INC. | CIVIL ACTION |
| VERSUS | NO. 08-3566 |
| DWAYNE A. CARTER | SECTION "F" (3) |

On March 18, 2009, Plaintiff's Motion to Compel (Doc. #18) came on for hearing before the undersigned Magistrate Judge with counsel for both parties participating. At issue in this copyright infringement case are Plaintiff's Responses to Interrogatory No. 6 and corresponding Request for Production No. 1, which seek information and documents reviewed for the purpose of ascertaining and providing the total of all income, advances and royalties of any nature whatsoever received related to defendant's album "Tha Carter III." For the following reasons the Court granted defendant's Motion to Compel.

### Background

Plaintiff, Urband & Lazar Music Publishing, Inc., filed suit against Dwayne Carter, alleging copyright infringement, unjust enrichment and entitlement to damages and an injunction against the defendant from further exploiting the infringing work. Plaintiff owns and administers the copyright of a musical composition ("Once"), which was written and performed by Karma Ann Swanepoel and published by Urband and Lazar. The song was allegedly used, sampled, performed and/or published by the defendant without obtaining a licensing agreement from the

1

MJSTAR(00:14)

plaintiff. More particularly, the allegations include that Dwayne Carter, a performing artist widely known as Lil' Wayne, redistributed, sampled, offered for download and performed live his song entitled "I Feel Like Dying," which features Swanepoel's voice, lyrics and musical composition prominently on the track.

In addition to performing the song live at concerts across the country, plaintiff claims that defendant posted the song on "myspace.com" and allowed over 16 million people to download the infringing song, while taking full credit for the work and not acknowledging the expropriation of the plaintiff's work. Plaintiff further claims that the infringing song has substantially benefitted defendant in a number of particulars, including that the song has won the defendant critical acclaim and helped sell tickets to concerts. Plaintiff claims unjust enrichment at the defendant's expense in that defendant's use of the infringing work has created an implied endorsement of his work by Urband & Lazar.

As to discovery of "gross revenues" attributable the sale of defendant's album ("Tha Carter III"), plaintiff explains that the infringing work was featured together with the soon-to-be released album to create "hype" and drive sales up once the album was released. Plaintiff notes that through expert testimony it will demonstrate how the music industry uses free singles, the value of which in this case was achieved by the defendant's alleged misconduct, before an album is released to increase album sales. Plaintiff further explains that there was speculation as to whether the allegedly infringing song would appear on Carter's studio album "Tha Carter III." Ultimately, it did not; however, plaintiff submits that it "created a buzz" and free advertising for Carter, both of which drove album sales up. Thus, plaintiff seeks discovery of "gross revenues" from the sale of "Tha Carter III."

Defendant contends that it did not sell the copyrighted work for a profit. He further

emphasizes that the allegedly infringing song was not included on the album "Tha Carter III." Because the infringing song was not included in the album, defendant's position is that, as a matter of law, the plaintiff cannot show the requisite *reasonable relationship* between the allegedly infringing use and profits from the aforesaid album. Defendant submits that the plaintiff is not entitled to discovery of "gross revenues " from the sale of the album, having not demonstrated the requisite nexus.

### Indirect Profits

Section 504(b) of the Copyright Act provides that a plaintiff may seek "any profits of the infringer that are attributable to the infringement and are not taken into account in computing actual damages." 11 U.S.C. § 504(b). The plaintiff has the burden of proving that the defendant's gross revenues are specifically attributable to the sale of the infringing works. *Id.*; *Hamil Am., Inc. v. GFI*, 193 F.3d 92, 104, 107-08 (2d Cir.1999); Once the plaintiff has presented proof of the infringer's gross revenues attributable to the sale of the infringing works, the defendant is required to prove his or her deductible expenses and the elements of profit attributable to factors other than the copyrighted work. 17 U.S.C. § 504(b).

This is not a case in which the defendant is alleged to have sold the copyrighted work for a profit. Rather, *this is an indirect profits case*, in which defendant is alleged to have used a copyrighted song to sell other products. The defendant has asked the Court to deny plaintiff's motion to compel discovery on the ground that Urband & Lazar cannot meet his burden of establishing a causal link between the defendant's gross revenues from the sale of "Tha Carter III" and the alleged acts of infringement.

In an indirect profits case, the profits 'attributable' to the infringement are more difficult to quantify. "The plaintiff has the burden to demonstrate a nexus between the infringement and

the indirect profits before apportionment can occur." *Mackie*, 296 F.3d at 915. Once that nexus is established, if "an infringer's profits are attributable to factors in addition to use of plaintiff's work," an apportionment of profits is proper. "[T]o survive summary judgment on a demand for indirect profits, a copyright holder must proffer sufficient non-speculative evidence to support a causal relationship between the infringement and the profits generated indirectly from such an infringement." *Mackie*, 296 F.3d at 915-16.

Several cases discussed below have permitted recovery of the defendant's profits based on revenues from selling products that were advertised through the unauthorized use of copyrighted materials. The Third Circuit case, *Andreas v. Volkswagen of America, Inc*., 336 F.3d 789 (8th Cir. 2003), resulted in an award of indirect profits to the plaintiff. *Id.* at 796. In that case, the defendant used the plaintiff's copyrighted phrase in a television commercial to promote the defendant's new automobile. The district court vacated the jury's award of the defendant's profits, finding that such profits were speculative and unsupported by the evidence introduced at trial. *Andreas*, 336 F.3d at 792. The Eighth Circuit reversed, holding that the plaintiff had satisfied his burden of showing a nexus between the infringement and the defendant's revenues. The evidence showed that the television commercial's message centered on the infringed phrase; the defendant touted the commercial as an integral part of introducing its new automobile into the U.S. market; sales of the automobile during the relevant periods had increased; the commercial had received high ratings; and the defendant had paid its marketing agency a substantial bonus based on the commercial's success. *Id.* at 797; *see also Fournier v. Erickson*, 242 F.Supp.2d 318, 327-28 (S.D.N.Y.2003) (holding that the plaintiff was entitled to show a profits nexus by the defendant's gross revenues in its Microsoft Windows 2000 product line, but not from the sale of other products unrelated to the infringing use, *where the infringing*

4

*act related to the marketing of Windows 2000*).

The case at bar is in its infancy. Plaintiff, the copyright owner, has shown the requisite nexus for purposes of entitlement to discovery of gross revenues. Indeed, in establishing the defendant's profits, the copyright owner is required to prove the defendant's gross revenue with respect to the product line or lines which indirectly benefitted from the alleged infringing use of the copyrighted work. The defendants then must prove their deductible expenses and any elements of profit attributable to factors other than the copyrighted works. 17 U.S.C.A. § 504(b).

## Conclusion

Pursuant to the hearing and because plaintiff has shown the requisite nexus in this particular case for purposes of discovery of "gross revenues" attributable to "Tha Carter III," the Court issued the following orders, to wit:

**IT IS ORDERED** that Plaintiff's Motion to Compel (Doc. # 18) is GRANTED.

**IT IS FURTHER ORDERED** that the parties shall submit a joint protective order precluding the disclosure of the aforesaid financial information and documentation from beyond the bounds of the captioned lawsuit.

**DANIEL E. KNOWLES, III**
**UNITED STATES MAGISTRATE JUDGE**